**250**

**James Nelson**
**vs.**
**Harris-Corliss Engine & Machine Co.** } W. C. A. Pet. No. 186

RESCRIPT

November 27, 1918

BARROWS, J. Heard on petition of James Nelson for commutation of future payments. After testimony for petitioner had been introduced respondent suggested to the Court that if upon the evidence it appeared for the best interests of petitioner that payments be commuted, respondent might have permis-

sion to introduce testimony as to the physical condition of petitioner.

The Court expressed its opinion that in view of petitioner's and his wife's inexperience in business and the lack of any definite proposition for investing the commuted funds, and in view of the lack of knowledge of petitioner and his wife of the business conditions at Fort William and the opportunities for success of a small store, which was the business enterprise proposed, it was not best for the interests of petitioner to place in his hands the sum of $3398 as a lump sum to settle all future payments. After such decision petitioner asked for leave to offer further testimony about the capacity of his wife to conduct a rooming house and such permission was granted. Testimony was offered by Mrs. Nelson of her experience in conducting a boarding and rooming house and it was suggested that if the payments could be commuted she might conduct such a boarding and rooming house at Fort William, and thereby keep her home. Otherwise it was suggested that petitioner and his wife would be compelled to separate. The proposed change of investment comes after the unwisdom of the first form of investment had been expressed by the Court. We feel that the main thing petitioner wants is the money in one sum. We can have no assurance that the plan might not again be changed if the money were put into the petitioner's hands in one sum. Neither petitioner nor his wife have had any experience in handling large sums of money and in these days when the unwary are so easily trapped by promise of profit from unscrupulous investment agents, the Court feels much more certain that the best interests of Mr. Nelson will be conserved by the continued receipt of the weekly sum of $9.45 than would be the case if the payments were commuted.

Petition for commutation is therefore denied.

For petitioner: Baker & Spicer.

For respondent: F. A. Jones.